**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HEDGEPETH,<br><br>   *Plaintiff*,<br><br> v.<br><br>SHOPRITE,<br><br>   *Defendant*. | Civil Action No. 21-191<br><br>**OPINION & ORDER** |

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

1

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff, a black man, was an employee at a Shoprite and alleges that he was passed over for a promotion because of his race. Compl. at 2. Plaintiff states that the job was given to a "Spanish person from another dept. [department]," who did not have appropriate knowledge for the position. *Id.* at 2-3. Plaintiff does not state the legal grounds through which he seeks relief. Because Plaintiff alleges that he was discriminated against at work, the Court construes Plaintiff's

2

Complaint as pleading an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

A plaintiff must comply with the procedural requirements set forth in Title VII before bringing an employment discrimination claim under Title VII in a district court. Title VII requires that a complainant file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit. *Silla v. Holdings Acquisition Co. LP*, --- F. App'x ---, 2021 WL 4206169, at *1 (3d Cir. Sept. 16, 2021) (citing 42 U.S.C. § 2000e-5(f)(1); *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019)). If a plaintiff brings suit under Title VII before receiving a "right to sue letter," the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. *See, e.g.*, *Collins v. Sload*, 212 F. App'x 136, 139 (3d Cir. 2007) (affirming dismissal of Title VII claims without prejudice where the plaintiff failed to submit right to sue notices). Here, Plaintiff does not indicate whether he filed a charge with the EEOC or received a right to sue letter. As a result, Plaintiff's Complaint is dismissed without prejudice.

The Court, however, provides Plaintiff with thirty (30) days to file an amended pleading that includes information regarding his administrative proceedings with the EEOC and provides a copy of a right to sue letter. If Plaintiff fails to provide such information within this time, the matter will be closed.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on the 24th day of February, 2022

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 US.C. § 1915(e)(2)(B) for failure to state a claim.  Plaintiff, however, is granted leave to file an amended complaint within thirty (30) days, provided that he includes a copy of his right to sue letter from the EEOC; and it is further

**ORDERED** that the Clerk shall serve this Opinion & Order upon Plaintiff by regular mail and certified mail return receipt.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.